IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CR C-09-787M |
| | § | |
| MEL BOCKHOLT | § | |

## MEMORANDUM OPINION AND JUDGMENT

Defendant, Mel Bockholt, was cited for a parking violation at the Padre Island National

Seashore.  (D.E. 1).  Because this incident occurred on a national park, jurisdiction is proper in this

Court.  18 U.S.C. § 7; 16 U.S.C. § 459d.  A bench trial was held on September 16, 2009.

### TRIAL TESTIMONY

The Government called United States National Park Service Ranger Louis Wheeler.  He

testified that he has worked for the Park Service as a ranger since March 1993.  Additionally, he has

worked in state law enforcement as well as in the military for over eighteen years.  During his work

as a park ranger, he has routinely issued traffic citations.

Padre Island National Seashore includes a recreation area called Bird Island Basin that has a

boat ramp.  The Bird Island Basin has a parking lot that has places for 106 vehicles with trailers for

using the boat ramp.  At the entrance to this parking lot, a sign indicates that there are 106 such

spaces.  Posted throughout the lot are signs that read "Vehicle Trailer Combination Parking Only."

Ranger Wheeler testified that there were approximately eight such signs throughout the lot.  He

further explained that the purpose of the area was to provide parking predominantly for people who

brought their boats by trailer for launching into the water.

At one end of the Bird Island Basin parking lot, there are four spaces for single vehicles with

signs indicating that they are vehicles without trailers.  There are painted lines on the ground that are

approximately the length of a single vehicle.  Ranger Wheeler acknowledged that there was no sign
upon entering the Bird Island Basin boat ramp lot indicating the number of parking spaces for
singular vehicles.

Ranger Wheeler also admitted that there was no lights in the parking lot.  There had
previously been a large street light, but it was stolen.  There was never any lighting on the individual
signs posted throughout the parking lot.

Adjacent to the Bird Island Basin parking lot is a wilderness area that provides campsites as
well as parking for single vehicles of people who windsurf, kayak, or fish in the bay.  According to
Ranger Wheeler, this parking area is about fifty yards from the Bird Island Basin boat ramp parking
lot and accessible by a well-worn footpath.

When people enter the Padre Island National Seashore, they are provided with a copy of the
rules regarding parking in Bird Island Basin as well as the regulations regarding the campground
area.  Gov't Exs. 1, 2.  These regulations explain that parking in the boat ramp lot is "on a first come
- first serve basis."  Gov't Ex. 1.  "Once these spaces are filled the parking lot will be closed to
parking.  Alternative parking is available at the Malaquite Visitor Center Parking Lot."  Id.

The campground regulations mandate that "[c]ampsites are for camping only.  No day use
parking is allowed in the campsites."  Gov't Ex. 2.  There are 45 campsites and campers may park
vehicles at their campsites provided that the flow of traffic is not impeded.  Id.  The campsites are
marked by posts along the beach and shoreline.  See Def. Ex. 1.  "Visitors that are camping must
obtain a camping permit from the self registration kiosk or Campground Host.  Camping permits
will be completed and placed on the dashboard of the vehicle."  Gov't Ex. 2.

As drivers approach the campground area, there is a sign that reads "No Boat Ramp

Overflow Parking Allowed."  Moreover, there is a kiosk regarding camping registration that has regulations posted on it.  Gov't Ex. 3; <u>see also</u> Def. Ex. 4.  There is no lighting for the kiosk.  The posting explains self-registration rules.  Campers must register within one hour of arrival by completing the provided form and hang the front copy of the form "from [the camper's] rear view mirror or from a spot on your vehicle that is readily identifiable from the roadway by a ranger." Gov't Ex. 3.  There are signs posted throughout this area restricting parking.  <u>See</u>, <u>e.g.</u>, Def. Exs. 2-3, 5-6.

Ranger Wheeler explained that although parking is not allowed in the campground area, the day use parking is available in this area at the south end of the parking lot for single vehicles.  There are no parking signs posted throughout this area.  Vehicles and trailers or trailers alone can be parked at the Malaquite Beach Visitor Center parking lot.

On cross-examination, Ranger Wheeler testified that individuals who have purchased annual passes for Padre Island National Seashore and Bird Island Basin are not guaranteed parking.  The facilities, including the parking are available on a first come first served basis.  He acknowledged that there was no light on the kiosk.

Ranger Wheeler did not specifically remember citing Mr. Bockholt's vehicle.  He writes more than fifty citations per month and does not remember them all.  His trial testimony was based on a review of the citation issued to Mr. Bockholt and the record in advance of his court testimony to refresh his memory.  Moreover, because Ranger Wheeler did not receive a camera for use in his job, he did not take a picture of Mr. Bockholt's violation.

On May 16, 2009, Ranger Wheeler was on patrol in the Bird Island Basin boat ramp parking lot.  He noticed a vehicle with a boat trailer registered to Mr. Bockholt parked improperly.

Consequently, he issued Citation No. 1833794 pursuant to 36 C.F.R. § 1.5(a) for parking in the camping area without a campsite registration tag.   (D.E. 1).  Ranger Wheeler testified that Mr. Bockholt's vehicle and trailer were parked without the camping registration tag.

Mr. Bockholt testified that early on the morning of May 16, 2009, he received a telephone call from a friend who was stranded in a boat on the intracoastal waterway seeking his assistance. He drove to Padre Island National Seashore where he has an annual pass for the park and Bird Island Basin.

When Mr. Bockholt arrived at the Bird Island Basin boat ramp parking lot, there was no space for his vehicle with its trailer.  Consequently, he parked his vehicle and trailer in the adjacent lot for camping and windsurfing.  Mr. Bockholt denies parking his vehicle at a campsite.

Mr. Bockholt has had a cabin in Baffin Bay since 1988 and been visiting Padre Island National Seashore to access his cabin.  Every year, he purchases passes for the park and Bird Island Basin.  He has never received any rules and regulations governing the park or Bird Island Basin in over twenty years.  He was not aware of the sign barring "No Boat Ramp Overflow Parking Allowed."  He was not aware of the kiosk at the campground area or any camping regulations.

Mr. Bockholt believes that the National Park Service should not be selling limitless passes to Bird Island Basin given that it has such a limited number of parking spaces.  He claims that access to parking has been a big problem at the Bird Island Basin boat ramp.  He also thinks that the posted signs are inadequate at the campground area and that there should be better lighting.

## DISCUSSION

The National Park Service has issued regulations that permit limitations on public use of park property.  At issue here are regulations that require a registration tag for vehicles parked at a

campsite at the Bird Island Basin campground area.  <u>See</u> 36 C.F.R. § 1.5(a).  The evidence supports a finding that Mr. Bockholt violated the park regulations and improperly parked his vehicle at a campsite without registering it.

First, Mr. Bockholt admitted that he had not registered his vehicle and placed a campsite registration tag from his rearview mirror.  <u>See</u> <u>Stecher v. State</u>, 371 S.W.2d 568, 569-70 (Tex. Crim. App. 1963) (defendant's admission that he parked his car in a loading zone supports conviction).  He denies parking at a campsite and instead maintains he simply put his vehicle in the lot.  Def. Ex. 1. Based on testimony by Ranger Wheeler and Mr. Bockholt, as well as other evidence presented at trial, this claim by Mr. Bockholt that he did not park at a campsite is not credible.  <u>See also</u> (D.E. 1).

Mr. Bockholt asserts that he was unfamiliar with the parking rules and regulations at the park. This assertion is not credible given that he has been visiting Padre Island National Seashore and Bird Island Basin since 1988.  Yet he claims never to have received any regulations, or never to have seen the kiosk before the day he received the citation.  Indeed, when he determined that the boat ramp parking lot was full, he knew about the adjacent campground area and parked there.

Moreover, Mr. Bockholt suggests that he is not culpable because the posted signs and regulations were inadequate.  Mr. Bockholt has been coming to this national park since at least 1988. He complained that the problem he and many other recreational users of Bird Island Basin have is that there is inadequate parking for vehicles with trailers.[1]  This argument ignores the fact that he knew there was a designated parking area for vehicles without trailers.  Moreover, it does not account for the fact that there was a kiosk at the entrance to the campground area with posted

---

[1] Part of the problem is that Mr. Bockholt believes that the National Park Service issues too many passes and that if there are only 106 spaces, then there should only be about that number of passes.  Of course, he ignores the fact that parking is on a first come first served basis.  He has purchased an annual pass allowing him to use the facilities as opposed to an annual lease on a specific parking space.  He did not explain why if the facilities are so inadequate, he still continues to purchase an annual pass.

regulations.

Mr. Bockholt appears to argue that because of his desire to help his friend that he was under duress and parked where he did.  Such an argument undercuts his argument that he did not illegally park in front of a campsite in that he knew at the time of the parking his actions were illegal, but went forward with them to assist his friend.

In order to establish duress as a defense to criminal prosecution, a defendant must establish that (1) he was under unlawful and present, imminent, and impending threat of such nature as to induce "well-grounded" apprehension of death or serious bodily injury; (2) he had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose criminal conduct; (3) he had no reasonable legal alternative to violating the law, a chance both to refuse to do a criminal act and also to avoid the threatened harm; and (4) a direct causal relationship may be reasonably anticipated between criminal action taken and avoidance of threatened harm. United States v. Dixon, 413 F.3d 520, 523 (5th Cir. 2005) (citation omitted).  In other words, "the duress defense requires an objective inquiry into whether a defendant's conduct, although illegal, represented [the] only reasonable alternative to serious bodily injury or death."  Mr. Bockholt testified that his friends were stranded.  However, he did not provide any testimony or evidence that any of them had been injured or that they were likely to suffer any serious injury or death. Accordingly, Mr. Bockholt cannot prevail based on a defense of duress.

National Park Service regulations dictate that "[a] person convicted of violating any provision of the regulations [concerning parking] ... shall be punished by a fine as provided by law and shall be adjudged to pay all costs of the proceedings."  36 C.F.R. § 1.3(c) (citing 16 U.S.C. § 462).  Congress has established that "[a]ny person violating any of the [National Park Service] rules and regulations ... shall be punished by a fine of not more than $500 and be adjudged to pay all

costs of the proceedings."  16 U.S.C. § 462(k).

## CONCLUSION

The government has met its burden and the defendant is found guilty of improperly parking his vehicle at the Bird Island Basin campground area in a campsite space without a camping registration tag.  Accordingly, he is fined $150.00 and assessed the $25.00 processing fee. Defendant is ordered to pay $175.00 to the Clerk of the Court no later than December 18, 2009.

ORDERED this 18th day of September 2009.


BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE OF RIGHT TO APPEAL</u>

The Clerk will file this Decision and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Decision, defendant may appeal the conviction or the sentence imposed to the District Court.  <u>See</u> Fed. R. Crim. P. 58(c)(4); <u>see</u> <u>also</u> 18 U.S.C. § 3402. In order to appeal the conviction or the sentence, defendant must file a notice of appeal within **TEN (10) DAYS** with the Clerk of the Court and specify the judgment being appealed.  Fed. R. Crim. P. 58(g)(2).  Defendant must also serve a copy of the notice of appeal on the attorney for the government.  <u>Id.</u>  An appeal to the District Court requires a filing fee of $32.00.  If defendant is unable to afford to appeal this Decision to the District Court, then defendant may file a motion to proceed *in forma pauperis*.